DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **FLAGSTAR BANK, FSB,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2014-0105 |
| ) | |
| **GEORGINA LYLES, a/k/a** ) | |
| **Georgina Milagros Lyles,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**Attorney:**
**A.J. Stone, III, Esq.,**
St. Thomas, U.S.V.I.
    *For Plaintiff*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Summary Judgment" filed by Plaintiff, Flagstar Bank, FSB ("Flagstar") against Defendant Georgina Lyles a/k/a Georgina Milagros Lyles ("Lyles"). (Dkt. No. 18). For the reasons discussed below, the Court will grant Flagstar's Motion for Summary Judgment.

### I.  BACKGROUND

On December 9, 2014, Flagstar Bank, FSB filed a Complaint against Lyles, alleging causes of action for debt and foreclosure of real property mortgage. (Dkt. No. 1). In its Complaint, Plaintiff asserted that Lyles was the titleholder of record to real property ("the Property"), described in the Warranty Deed as:

> Plot 729, Estate Strawberry Hill, Queen Quarter, Christiansted, St. Croix, USVI, consisting of 0.377 U.S. acres, more or less, as more fully shown on OLG Drawing No. 5070 dated June 10, 1997.

(Dkt. No. 20-1). The Complaint alleges that, on December 22, 2009, Lyles executed and delivered to Flagstar a promissory note (the "Note"), obligating herself to pay the principal amount of $355,482.00, together with interest at a rate of 5.375% per annum, in consecutive monthly installments of $1,990.60 beginning February 1, 2010. (Dkt. No. 1, ¶¶ 6-7). To secure payment of the Note, Lyles granted to Flagstar and Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Flagstar and its successors and assigns, a first priority mortgage dated December 22, 2009 over the Property (the "Mortgage"), which provided that Lyles would pay the payments due under the Note. (*Id.* ¶¶ 9-10).

With regard to the debt cause of action, the Complaint alleges that, on May 1, 2014, Lyles defaulted under the terms and conditions of the Note and Mortgage, in that monthly installments of principal, interest, and other charges became due and were not paid. (*Id.* ¶¶ 13, 14). Flagstar gave notice of the default to Lyles by correspondence dated June 16, 2014, advising her that failure to cure the default would result in acceleration of the debt and foreclosure of the Mortgage. As of the date the Complaint was filed, the default was not cured and, pursuant to the terms of the Note and Mortgage, Flagstar elected to declare the whole principal sum with unpaid accrued interest immediately due and payable. (*Id.* ¶¶ 15-17). Flagstar seeks reimbursement for the unpaid principal balance, accrued interest, advances, expenses, fees, costs, late charges, insurance premiums, taxes, or other charges it may pay with respect to the Property, as well as reasonable attorney's fees and other expenses it has incurred to enforce payment on the Note or incidental to foreclosure on the Property. *Id.* ¶¶ 18-21.

With regard to the foreclosure cause of action, the Complaint provides that MERS, for itself and as nominee for Flagstar, assigned its entire interest in the Property to Flagstar on November 19, 2014; that Lyles is in default under the terms of the Mortgage; and that Flagstar is

entitled to foreclose its Mortgage lien on the Property, sell it to satisfy the Note, and recover any deficiency from Lyles. (*Id.* ¶¶ 24-27).

Lyles was personally served with copies of the Summons and Complaint on January 14, 2015. (Dkt. No. 5). Lyles filed an Answer on February 23, 2015 in the form of a letter to Flagstar's counsel, requesting, *inter alia*, a loan modification. (Dkt. No. 6).

Flagstar filed a motion to extend the dispositive motion deadline, stating that Lyles was seeking a short sale of the Property, which would bring the matter to a non-litigated conclusion and be in the interests of both parties. (Dkt. No. 16). The motion was granted, giving the parties until September 21, 2015 to file dispositive motions. (Dkt. No. 17). Flagstar filed its Motion for Summary Judgment on September 21, 2015, along with a Memorandum in Support, a Statement of Undisputed Facts, and two Affidavits in support of the Motion. (Dkt. Nos. 18-22). The Court subsequently entered an Order providing that, because Flagstar's motion to extend the dispositive motion deadline and the Court's Order granting the motion were not properly served on Lyles, it would require proper service and revise the dispositive motion filing schedule accordingly. (Dkt. No. 23). Flagstar then filed a "Notice of Compliance with Court Order," stating that it properly served Lyles with its Motion for Extension of Time and Motion for Summary Judgment (Dkt. No. 25), and the Court also forwarded a copy of its Order to Lyles. (Dkt. Nos. 24, 26). Lyles did not file a dispositive motion, nor did she respond to Flagstar's Motion for Summary Judgment.

In its Memorandum, Flagstar contends that it is entitled to summary judgment against Lyles because, as its Statement of Undisputed Facts demonstrates, there is no dispute that Lyles holds title to the Property; that she properly executed the Note, promising to pay the principal amount of $355,482.00, together with interest at 5.375% per annum; and that she also executed and delivered to Flagstar the first-priority Mortgage over the Property. (Dkt. No. 19 at 5, citing Dkt. No. 19-1).

In addition, Flagstar asserts that: Lyles defaulted under the terms of the Note and Mortgage on May 1, 2014 by failing to make the required monthly payment of $1,990.60 when due; the loan remains in default; Flagstar accelerated the loan; and, as of August 1, 2015, Flagstar is due the principal sum of $332,716.17 plus accrued interest and fees, for a total amount due of $359,963.12. (*Id.*) Flagstar further maintains that it is entitled to foreclose on the Property as provided under the terms of the Note, because it is holder of the Mortgage in its own right as a mortgagee and by way of the assignment from MERS. (*Id.*) Thus, Flagstar concludes that all of the elements required for summary judgment are met, and nothing suggests that foreclosure is not an appropriate remedy under the circumstances here. (*Id.* at 6).

Flagstar also asserts that it is entitled to collect reasonable attorney's fees and costs of court. In support, Flagstar argues that both the Note and Mortgage provide that reasonable costs and fees are allowed; the hourly rate charged by its attorney is reasonable; and the $3,275.00 in attorney's fees and $735.00 in costs it seeks are also reasonable. (*Id.* at 6-7, citing Declaration of Counsel, Dkt. No. 22)).

Flagstar provided an Affidavit of Indebtedness, signed by Vanessa M. Ellison, a Loan Administration Analyst for Flagstar, who averred she was duly authorized to make the affidavit; had the personal knowledge required to execute it; and could confirm the accuracy of the information set forth in it. (Dkt. No. 21, ¶ 2). Ms. Ellison described Flagstar's record-keeping practices for its physical receipt and possession of the original Note, and Flagstar's practices for receiving, processing, and posting payments for its loans. (*Id.* ¶ 8). Citing documents attached to her affidavit, Ms. Ellison asserted that the amounts due and owing through August 1, 2015 on the loan are: $332,716.17 in unpaid principal balance; interest from April 1, 2014 to August 1, 2015 of $23,844.64; and escrow advances of $2,160.64 for payment of hazard insurance. (*Id.* ¶ 10). In

addition, as evidenced by the Fee Activity Ledger and "DDCH" record, $1,031.67 in accumulated late fees and $210.00 for inspections were due, respectively. (*Id.* ¶¶ 11, 12). Thus, the total amount due and owing as of August 1, 2015 was $359,963.12. (*Id.* ¶ 13). Ms. Ellison stated that interest accrues at the rate of "$49.00 for each month after August 1, 2015 until paid." (*Id.* ¶ 14).

## II.   DISCUSSION

### A. Summary Judgment Standard

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Bonkowski v. Oberg Indus.*, 787 F.3d 190, 195 n.1 (3d Cir. 2015). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Mahoney v. McDonnell*, 2015 U.S. App. LEXIS 10662, at *10 (3d Cir. June 24, 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met this burden, the non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (internal quotation marks omitted; alteration in original)); *see also* FED. R. CIV. P. 56(c).

In reviewing a motion for summary judgment, "[a]ll facts are viewed in the light most favorable to the non-moving party, who is 'entitled to every reasonable inference that can be drawn from the record.'" *Seamans v. Temple Univ.*, 744 F.3d 853, 859 (3d Cir. 2014) (quoting *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000)). In addition, "at the summary judgment stage, a court may not weigh the evidence or make credibility determinations; these tasks are left to the fact-finder." *Anderson v. Warden of Berks County Prison*, 602 F. App'x 892, 895 (3d Cir.

2015) (quoting *Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1993) (internal quotation marks omitted)).

The role of the court is to "determine whether there is a genuine issue for trial." *Stiegel v. Peters Twp.*, 600 F. App'x 60, 63 (3d Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (internal quotation marks omitted)). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248. When a genuine issue of material fact exists, summary judgment is inappropriate. *See Fontroy v. Beard*, 559 F.3d 173, 182 (3d Cir. 2009) (citations omitted).

"'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)). To succeed on a debt and foreclosure action, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *5 (D.V.I. June 2, 2014) (citing *Thompson v. Fla. Wood Treaters, Inc.*, 2009 WL 4730794, at *3 (D.V.I. Dec. 6, 2009).

**B. Analysis**

   **1. Summary Judgment**

Notwithstanding that Lyles elected not to respond to Flagstar's Motion for Summary Judgment, the Court may not simply grant Flagstar's Motion because "[t]he failure to respond to

a motion for summary judgment does not automatically entitle the moving party to the relief sought." *Bates v. Laskiewicz*, 2012 WL 32936, at *2 (D.N.J. Jan. 6, 2012) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3d Cir. 1990)). The moving party must show entitlement to such relief. *See* Fed. R. Civ. P. 56(e)(3) (providing that if a party fails to properly address an opposing party's factual assertions, the court may grant summary judgment "if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]").

Flagstar has submitted a copy of the Warranty Deed, showing that Lyles has title to the Property at issue. (Dkt. No. 20-1). It has also provided a copy of the Note, dated December 22, 2009, executed by Lyles, in which she promised to pay Flagstar the principal sum of $355,482.00 together with interest at a rate of 5.375% per year. (Dkt. No. 21-1). Flagstar submitted a copy of the Mortgage, also executed by Lyles on December 22, 2009, to secure payment on the Note (Dkt. No. 21-2), as well as the Assignment of Mortgage to Flagstar. (Dkt. No. 21-3). Based on the foregoing, Flagstar has shown that Lyles executed the Note and Mortgage. Accordingly, there is no genuine dispute of material fact as to whether Lyles executed these documents, and Flagstar has satisfied the first requirement to succeed on a debt and foreclosure summary judgment claim in the Virgin Islands.

Flagstar has also provided evidence that Lyles is in default on the Note and Mortgage for failing to make payments due under those documents, and that it may foreclose on the Property. Flagstar sent a copy of a letter dated June 16, 2014 to Lyles in which it indicated she was in default, and must pay the past due amount indicated or all amounts due could be accelerated and the Property sold. (Dkt. No. 20-2). The Note provides that "[i]f I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the

7

Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount." (Dkt. No. 21-1 at ¶ 6(C)). The Mortgage provides that, if the Borrower defaults, "failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and foreclosure and sale of the Property." (Dkt. No. 21-2, ¶ 22). Flagstar has shown that it owns and holds the Note and Mortgage and is entitled to enforce those instruments. (Dkt. No. 21). Flagstar has thus satisfied the second and third requirements for a debt and foreclosure claim.

As set forth above, Flagstar has provided the requisite support for its damages calculation that Lyles owed $359,963.12 as of August 1, 2015, consisting of: $332,716.17 in unpaid principal balance; interest from April 1, 2014 to August 1, 2015 of $23,844.64; escrow advances of $2,160.64 for payment of hazard insurance; $1,031.67 in accumulated late fees; and $210.00 for inspections. (Dkt. No. 21 and supporting documentation). Although Ms. Ellison stated, in her Affidavit of Indebtedness, that interest accrues at the rate of "$49.00 for each month after August 1, 2015 until paid" (Dkt. No. 21, ¶ 14), a review of the document she cited to substantiate that statement indicates that the *per diem* interest is $49.00, not the monthly interest. (Dkt. No. 21-7). Thus, per diem interest of $49.00 accrues from August 2, 2015 up to and including the date this Judgment is issued, and interest at the federal statutory rate, pursuant to 28 U.S.C. § 1961(a), accrues thereafter until the Judgment is satisfied.

The Court finds that this evidence is sufficient to shift the burden to Lyles to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor regarding the summary judgment debt and foreclosure causes of action. *Patterson*, 555 F. App'x at 211. Lyles has elected not to respond, thereby not opposing any of the material facts contained in Flagstar's Motion for Summary Judgment.

In view of the foregoing, the Court finds that there is no genuine issue of material fact regarding Lyles' liability on Flagstar's debt and foreclosure causes of action. Because Flagstar has satisfied the requirements for debt and foreclosure under Virgin Islands law, *see Thompson,* 2009 WL 4730784, at *3, summary judgment is appropriate.

**2. Attorney's Fees and Costs**

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. § 541(b).

Under the terms of the Mortgage, Flagstar is entitled to collect all expenses incurred in pursuing foreclosure of the Mortgage, including reasonable attorney's fees and costs of court. (Dkt. No. 21-2, ¶ 22). Under the terms of the Note, if there is a default and the loan is accelerated, Flagstar has the right to be paid back for its costs and expenses in enforcing the Note, and such expenses include reasonable attorney's fees. (Dkt. No. 21-1, ¶ 6(E)). The Mortgage also provides that it is governed by federal law "and the law of the jurisdiction in which the Property is located"—the Virgin Islands. (Dkt. No. 21-2, ¶ 16). The Court will look to the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees may be "reasonable." *Flagstar Bank, FSB v. Stridiron*, 2013 WL 5941298, at *6 (D.V.I. Oct. 31, 2013).

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court considers factors including the time and labor involved, skill required, customary charges for similar services, benefits obtained from the service and the certainty of compensation." *United States v. Woods*, 2016 WL 6471448, at *9 (D.V.I. Oct. 31, 2016) (quoting *Staples v. Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases)). The Court undertakes a two-step inquiry when examining the reasonableness of attorney's fees. First, the

Court determines whether the hours billed were "'reasonably expended,'" excluding time billed that is "'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub. Interest Research Group of N.J.*, *Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "'for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990), and citing *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10). The Court will address the two steps involved in assessing the reasonableness of attorney's fees in reverse order.

Addressing the hourly rate first, Virgin Islands courts "'have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour.'" *Id.* (quoting *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases)). Flagstar has also provided affirmations from three Virgin Islands attorneys who aver that the typical hourly rate for similar services charged by comparable attorneys in the Virgin Islands is between $250.00 and $300.00 per hour. (Dkt. Nos. 19-1, 19-2, 19-3). Flagstar Attorney A.J. Stone, III, a senior associate at BoltNagi PC, charged $250.00 per hour from October 27, 2014 to September 21, 2015. (Dkt. No. 22-1). The Court concludes that the $250.00 per hour rate charged by Attorney Stone is reasonable and falls within the scope of rates for such services.

With regard to the reasonableness of the time expended, Flagstar seeks compensation for 13.10 hours of work billed in this matter. (Dkt. No. 22-1). Based on the Court's review of the documentation provided, the Court finds that the hours billed were reasonably expended, given that several status conferences were scheduled in this case; Attorney Stone spent time discussing

possible loss mitigation and a short sale with Lyles; and this matter required the filing by Plaintiff of a motion for summary judgment. Accordingly, the Court will award the requested attorney's fees of $3,275.00.

With regard to costs, under the terms of the Note, Lyles agreed to pay "all of [Flagstar's] costs and expenses" in the event of any default in the payment of the Note. (Dkt. No. 21-1, ¶ 6(E)). Under the terms of the Mortgage, Flagstar is entitled "to collect all expenses incurred in pursuing the remedies provided in [this paragraph]. . . including. . . costs of court." (Dkt. No. 21-2, ¶ 22). Here too, because the Mortgage is "governed by federal law and the law of the jurisdiction in which the Property is located" (Dkt. No. 21-2, ¶ 16), the Court will look to Virgin Islands law for guidance in determining appropriate costs and expenses.

Title 5, Section 541(a) defines what costs are "allowed in a civil action."[1] "Expenses" are not defined by statute, nor are they defined in the Mortgage or other loan documents.

The Supreme Court of the Virgin Islands has opined that costs and expenses do not cover the same outlays of funds in a case. In *Terrell v. Coral World,* 55 V.I. 580, 2011 WL 3492575 (V.I. July 20, 2011), the court noted that Title 5, Sections 541 through 547, "govern the award of costs to a prevailing party in civil litigation." *Id*. at *2. The Court in *Terrell* observed: "It is well-established that when a statute authorizes taxation of costs [referring to 5 V.I.C. § 541(a)], 'costs are not synonymous with expenses unless expressly made so by statute.'" *Id.* at 591 n.14 (quoting *Benda v. Fana*, 227 N.E.2d 197, 201 (Ohio 1967)). The Supreme Court further explained that

---

[1] The costs allowed are: "(1) Fees of officers, witnesses, and jurors; (2) Necessary expenses of taking depositions which were reasonably necessary in the action; (3) Expenses of publication of the summons or notices, and the postage when they are served by mail; (4) Compensation of a master as provided in Rule 53 of the Federal Rules of Civil Procedure; (5) Necessary expenses of copying any public record, book, or document used as evidence on the trial; and (6) Attorney's fees as provided in subsection (b) of this section." 5 V.I.C. § 541(a).

"limiting 'costs' to what is specifically provided for in a fee-shifting statute is necessary in order to avoid 'absurd situations' that the legislature could not have intended, such as placing a litigant 'with the burden of paying exorbitant professional witness fees which may very well exceed the amount of the verdict itself.'" *Id.* (quoting *Benda*, 227 N.E.2d at 201). Further, in order for costs to be reimbursed, they must be reasonable. *See Creative Minds, LLC v. Reef Broadcasting, Inc.*, 2014 WL 4908588, at *1 (V.I. Super. Sept. 24, 2014) (opining that prevailing party in civil action may "recover reasonable costs and attorney's fees" under statute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands statute permits reimbursement for reasonable fees and costs).

With regard to the reimbursement of expenses, such reimbursement is permitted not by statute but by contract, the terms of which are regularly enforced by courts. *See Fields v. Thompson Printing Co., Inc.*, 363 F.3d 259, 271 (3d Cir. 2004) ("[C]ourts are obligated to enforce contracts as they are made by the parties and not to create additional terms out of thin air."); *Rainey v. Hermon*, 2011 WL 4738534, at *6 (V.I. Oct. 6, 2011) (enforcing the terms of a contract, even for legal fees and administrative costs, "unless the fee is unreasonable."). Pursuant to Rule 211.1.5 of the Virgin Islands Rules of Professional Conduct, adopted by the Supreme Court of the Virgin Islands and effective February 1, 2011, fees and expenses awarded in the Virgin Islands must be "reasonable."

Flagstar is seeking reimbursement of $735.00 not for statutory costs but rather for expenses: title search fee, complaint filing fee, recording fee for lis pendens, process server fee, and fees for on-line search on Accurint (People/Business search). (Dkt. No. 22-1). The Court finds that these expenses were reasonably incurred in this debt and foreclosure action, and will be reimbursed.

### III. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff Flagstar's Motion for Summary Judgment against Defendant Georgina Lyles a/k/a Georgina Milagros Lyles. (Dkt. No. 18). In this regard, the Court will award $359,963.12 in damages, plus $49.00 in per diem interest from August 2, 2015 up to and including the date of this Judgment (March 14, 2017), of $28,959.00. In addition, the Court will award $3,275.00 in attorney's fees and $735.00 in expenses, for a total award of $4,010.00 in attorney's fees and expenses through September 21, 2015.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: March 14, 2017 _____/s/_____
WILMA A. LEWIS
Chief Judge